Francis X. Conlon, J.
Respondent moves for a stay of arbitration. Petitioner has demanded arbitration of its grievance relating to subcontracting. The contract provision for arbitration is as follows: “ Article XXVI — Arbitration 26.0 All disputes, differences and grievances which have not been satisfactorily settled after following the grievance procedure herein set forth (including claims arising out of breaches or threatened breaches or violations or threatened violations of this Agreement) shall be promptly submitted to arbitration *293 before an arbitrator who shall be designated as follows: If the Employer and the Union are unable to agree upon a mutually satisfactory arbitrator within three days after the request for arbitration is made, then at the request of the Union or the Employer, the arbitrator shall be designated by the New York State Board of Mediation. The decision of the arbitrator shall be final and binding upon all parties and shall be complied with promptly. Arbitration shall be the sole and exclusive remedy available to the parties hereto.”
The grievances, subject of the prescribed grievance procedure, are described in the contract as follows: ‘1 For the purpose of this agreement the term ‘ grievance ’ means any dispute between the Company and the Union, or between the Company and any employee, concerning the effect, interpretation, application, claim of breach or violation of this agreement.”
The dispute in this instance was tendered by the petitioner in the following language: “ Union is protesting the Co’s, action in ‘ farming out ’ work to effect layoffs of Union barg. unit workers. We request the Co. to bring in all ‘ work ’ farmed out and recall all employees so affected. Any wage loss incurred by employees by such Co. action to be paid by Co.”
There is no prohibition against subcontracting contained in the contract and respondent states that such a provision was proposed by the petitioner during the negotiations and was rejected. The petitioner contends, however, that the dispute is embraced within the definition of grievance by virtue of the following contract provision: “ Article XVII — Present Conditions of Employment 17.0 This Agreement shall not be deemed to impair any conditions of employment more beneficial to the employees than those provided herein; and any conditions of employment not covered by this Agreement which are beneficial to employees and which are now in effect as regular company practice shall be continued during the period of this Agreement unless there is good cause for their withdrawal. Either party may demand arbitration with respect to a dispute as to whether good cause exists.”
Nevertheless, the petitioner has failed completely to state his grievance in detail or to furnish any specifics as to the farmed out work, which petitioner contends that, in accordance with the custom and practices, there has been a violation resulting in the instant dispute referable to arbitration. On the other hand, the respondent relates the facts and circumstances in such abundant and persuasive detail as to compel the conclusion that no bona fide arbitrable issue exists.
The motion is granted. Settle order.