the narcotics charges is unassailable, and suffices to sustain petitioner's dismissal from the Fire Department. The contention as to a biased hearing rests mainly on the declaration by the Trial Commissioner that, suspecting the petitioner to be a malingerer, he had, subsequent to the filing of charges, ordered the petitioner followed after a conference with him; and that it had been reported to the Trial Commissioner that petitioner had been observed to change his stride from that of a pronounced limp to a vigorous hopping when descending the subway steps. Such action by the Commissioner, who knew at the time that he was to preside at the trial, was improper. Investigative procedures should not be indulged in by the official scheduled to sit in a semi-judicial capacity in the trial of charges. Nevertheless, it is patent that the statement of the Trial Commissioner as to the observations concerning petitioner's physical actions after leaving him can only be construed to refer to the sick leave charges to which petitioner, at the outset of the hearing, pleaded guilty with an explanation. While the conclusions drawn from those observations may have affected the Trial Commissioner's acceptance of petitioner's explanation in extenuation of his plea of guilty on the sick leave charges, they could not detract from the overwhelming preponderance of the evidence on the narcotics charges. Since the dismissal was warranted on the latter charges, standing by themselves, the determination of the Fire Commissioner will not be disturbed. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ ILEANA ADLERMAN, Respondent, v. EDWIN J. ADLERMAN, Appellant.— Judgment unanimously modified, on the facts and in the exercise of discretion, by reducing the alimony to $300 per month and increasing the amount for the support and maintenance of the child of the marriage to $200 per month and, as so modified, affirmed, without costs. Upon the record before us, the amounts awarded by the judgment appealed from were excessive as to alimony and inadequate as to the support and maintenance of the child. Settle order. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ In the Matter of the Arbitration between SAL CRIVELLI, as Treasurer of District No. 15, International Association of Machinists, Appellant, and UNIVERSITY LOUDSPEAKERS, INC., Respondent.—Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ. [20 Misc 2d 292.]

■ BANCO DEL PAIS, S. A., Respondent, v. FRANCISCO OVICI, Also Known as FRANCISCO ABRAMOVICI, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ LENORE V. BEAUMONT, Appellant, v. JEAN BEAUMONT, Respondent. TWENTY-TWO ELEVEN, INC., Intervenor-Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ SHORE HILLS COUNTRY CLUB et al., Respondents, v. SHORE HILLS ESTATES, INC., Appellant.— Order of December 22, 1959, as resettled by order of March 28, 1960, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ SHORE HILLS COUNTRY CLUB et al., Respondents, v. SHORE HILLS ESTATES, INC., Appellant.— Order of February 25, 1960, as resettled by order of March 28, 1960, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.